**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RONALD T. LESSIG                                              CIVIL ACTION

VERSUS                                                       NO. 14-1721

CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL             SECTION A(1)
SECURITY ADMINISTRATION


<u>**ORDER AND REASONS**</u>

On August 24, 2015, the Court remanded this matter to the Commissioner for further consideration. Defendant filed a **Motion to Alter or Amend Judgment (Rec. Doc. 28)** asking the Court to alter or amend its judgment to specify the statutory basis supporting the remand. For the following reasons, the motion is **GRANTED** insofar as the following explanation seeks to clarify the Court's previous judgment.

The Court's remand was a "sentence six" remand, based on sentence six of 42 U.S.C. § 405(g), which says the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." As Defendant points out, in order to justify such a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). Regarding the materiality requirement, a court must find a "reasonable possibility" that the new evidence "would have changed the outcome of the Secretary's determination." *Id.*

The evidence of Plaintiff's neurosyphilis diagnosis supports this remand. The record reflects that this evidence is new, and the Court finds that there is a reasonable possibility that

this evidence would have changed the outcome of the determination of the administrative law judge (ALJ). A diagnosis that corroborates lay testimony creates such a reasonable possibility. *See Cherry v. Astru*e, 2010 WL 2134278 (M.D. La. Apr. 8, 2010). This is especially true here, as the ALJ may have questioned Plaintiff's credibility during the original proceeding and may now be persuaded upon considering this diagnosis. Lastly, good cause exists as the record reflects that this diagnosis was not available during the prior proceeding.

Accordingly, **IT IS ORDERED** that **Defendant's Motion to Alter or Amend Judgment (Rec. Doc. 28)** is **GRANTED**.

October 15, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE